**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Jacobs,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>Industry Express Car Wash LLC, et al.,<br><br>　　　　　　Defendants. | No. CV-24-03227-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Preliminary Injunction and Request for Consolidated Trial on the Merits (Doc. 11) as well as his Motion for Order to Show Cause (Doc. 12). The Court finds that waiting for a response from Defendants on these motions is unnecessary, as both motions will be denied. *See, e.g.*, *Hayes v. IDOC*, 2023 WL 2814515, at *2 (D. Idaho Apr. 6, 2023) ("Though these motions are not yet ripe, the Court concludes that Plaintiff has not shown entitlement to a preliminary injunction on the face of his moving papers. Therefore, the Court need not wait for Defendants' responses to the motions.").

**I.   BACKGROUND**

Plaintiff Jeffrey Jacobs ("Plaintiff") moves this Court for a consolidated one-day trial on the merits and to enter an order enjoining Defendant Industry Express Car Wash, LLC (the "Car Wash") from the unauthorized use of Plaintiff's copyrighted designs. (Doc. 11 at 1). Plaintiff alleges that he created a logo for the Car Wash in late 2020 with the intent to license that logo to the Car Wash "or license it to a third-party car wash for use." (*Id.* at

2). The Car Wash did not contract or pay Plaintiff for the logo. (*Id.*). In February 2022, Plaintiff became a member and manager of the Car Wash. (*Id.* at 2–3). Plaintiff contends that he made it clear to Defendant Tim Berger ("Berger"), another primary member-manager of the Car Wash, that if the Car Wash decided to adopt the logos, it needed to pay Plaintiff "either through a license or an outright purchase." (Doc. 1 at 8, 19).

The Car Wash opened for business in October 2023 and incorporated Plaintiff's logos "into its branding and promotional materials," which was allegedly done with permission but with the understanding that Berger had promised to pay Plaintiff for their use. (*Id.* at 19–20). In April 2024, Plaintiff provided Berger with a draft licensing agreement, which was refused. (*Id.* at 20). This caused the relationship between Plaintiff and the other Car Wash members to sour, and on November 1, 2024, Plaintiff was stripped of his managerial role by the other member-managers of the Car Wash, allegedly in retaliation over the licensing dispute. (*Id.* at 29–30). The instant action was filed on November 18, with a Verified Complaint alleging nine different causes of action, which primarily center around Plaintiff's allegation that the Car Wash infringed—and continues to infringe—upon his copyrights in the logos at issue. (*Id.* at 30–42).

## II.  LEGAL STANDARD

"The Copyright Act provides that a court 'may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.' Thus, injunctive relief to prevent copyright infringement is available as an equitable remedy in the court's discretion." *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011) (citation omitted) (quoting 17 U.S.C. § 502(a)). A party seeking injunctive relief must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

"To show irreparable harm, '[a] plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened

injury as a prerequisite to preliminary injunctive relief.'" *Forefront Dermatology S.C. v. Crossman*, 642 F. Supp. 3d 947, 949 (D. Ariz. 2022) (alteration in original) (quoting *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)). Parties are not entitled to a presumption of irreparable harm by establishing a likelihood of success on the merits for copyright infringement claims. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013).

Moreover, a plaintiff must establish that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *Bean v. Pearson Educ., Inc.*, 2011 WL 1211684, at *2 (D. Ariz. Mar. 30, 2011) (citation omitted). In the context of copyright infringement, injuries such as jeopardy to a company's competitive position or a more-than-speculative risk of losing customers, goodwill, or reputation may constitute irreparable harm. *Id.* However, showing irreparable injury to goodwill or reputation requires "concrete evidence in the record of those things." *adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 756 (9th Cir. 2018). Evidence of past infringement or a mere likelihood of future infringement does not allow for an inference of irreparable harm because infringement can be redressed via actual or statutory damages. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1215 (C.D. Cal. 2007).

### III.   ANALYSIS

In this case, Plaintiff fails to demonstrate immediate, irreparable harm. Even assuming that Defendants are infringing Plaintiff's protected logos, the standard for granting a preliminary injunction requires more. As the Ninth Circuit held in *Flexible Lifeline Systems*, *Inc.*, it is not enough that Plaintiff may well prevail on the merits of his copyright claim; in order to obtain *preliminary* injunctive relief, Plaintiff "must *demonstrate a likelihood* of irreparable harm." 654 F.3d at 1000 (emphasis added).

The bulk of Plaintiff's alleged injuries are of a sort that would be adequately compensated by monetary damages, the primary injury being that the Car Wash is benefitting from Plaintiff's copyright-protected logos without having incurred any expense to do so. (Doc. 11 at 10). While Plaintiff makes some attempt to allege loss of goodwill

and reputational harm caused by the infringement, those allegations are wholly speculative. For example, Plaintiff claims that the Car Wash's continued unauthorized use of the logos means those logos now have "less value to a potential licensee," because once a "brand is linked to a particular company or product it is impossible to dissociate the brand from the product on social media marketing platforms or the internet." (*Id.* at 11). But conclusory assertions about lost value do not show a *likelihood* of irreparable harm. Similarly, Plaintiff claims that Car Wash customers "are likely to recognize" the logos as Plaintiff's "and mistakenly assume that [Plaintiff] is vouching for the [Car Wash's] business and services," so if they have poor customer experiences, Plaintiff's "products, business reputation, and goodwill is harmed." (*Id.* at 12). This claim is speculative on numerous levels: first, it presumes that customers will be able to recognize the logos as Plaintiff's, despite Plaintiff's primary business being in branding and selling specialty food products (Doc. 1 at 3–4); second, it presumes that Car Wash customers will take the logos as Plaintiff's implicit endorsement of the business; and third, it presumes that customers will have such a negative experience at the Car Wash that Plaintiff will suffer secondhand reputational harm merely by visual association. The alleged reputational harm is attenuated at best, and certainly does not pose the kind of threat that would warrant this Court issuing immediate injunctive relief in Plaintiff's favor.

The purpose of a preliminary injunction under Federal Rule of Civil Procedure 65 is to preserve the status quo until a full trial on the merits can be held. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Here, Plaintiff is not merely asking the Court to preserve the status quo and prevent reputational harm until he can defend his copyright claims on the merits; rather, Plaintiff is inappropriately attempting to use the preliminary injunction as a backdoor mechanism to fast-track this Court's judgment on his nine causes of action.[1]

---

[1] In the Introduction to his Motion for Preliminary Injunction, the Court notes that Plaintiff states that a consolidated trial on the merits of his copyright infringement claim "will effectively resolve the litigation as every issue in dispute arises out of [Plaintiff's] ownership of the marks and the Company's use of the marks." (Doc. 11 at 2). Not so. A

Because Plaintiff has failed to meet his burden to demonstrate a likelihood of irreparable harm, this Court need not address the remaining *Winter* factors, and it will deny Plaintiff's Motion for Preliminary Injunction (Doc. 11). Additionally, because it is denying the preliminary injunction motion, this Court will deny Plaintiff's contemporaneously filed Motion for Order to Show Cause (Doc. 12), in which Plaintiff requests this Court enter an Order to Show Cause "as to why [Plaintiff's] Motion for Preliminary Injunction should not be immediately entered." (Doc. 12 at 1).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction and Request for Consolidated Trial on the Merits (Doc. 11) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause (Doc. 12) is **denied as moot**.

Dated this 25th day of November, 2024.

                                                                Honorable Steven P. Logan
                                                                United States District Judge

---

consolidated trial on the merits of Plaintiff's copyright claim would potentially resolve one issue: the copyright claim. There are eight other causes of action in Plaintiff's voluminous Complaint, and no matter how related those causes of action may be, Plaintiff would have the burden of proving every element of every claim he has brought to ultimately prevail in this litigation.