**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Jacobs,<br><br>    Plaintiff,<br>vs.<br><br>Industry Express Car Wash LLC, et al.,<br><br>    Defendants. | No. CV-24-03227-PHX-SPL<br><br>**ORDER** |

  Before the Court is (1) Defendants' Motion to Amend/Correct Answer to Complaint (Doc. 42), Plaintiff's Response (Doc. 49), and Defendants' Reply (Doc. 51); (2) Plaintiff's Motion to Treat Plaintiff's Motion for Partial Summary Judgment as Directed to Amended Complaint (Doc. 45), Defendants' Response (Doc. 53), and Plaintiff's Reply (Doc. 55); and (3) Plaintiff's Motion to Strike Defendants' Amended Answer (Doc. 56), which Defendants did not respond to, and Plaintiff's further Reply in Support (Doc. 57).

### I. BACKGROUND

  Plaintiff Jeffrey Jacobs ("Plaintiff") initiated this action on November 18, 2024 with a Verified Complaint alleging nine different causes of action, which primarily center around Plaintiff's allegation that Defendant Industry Express Car Wash, LLC (the "Car Wash") infringed—and continues to infringe—upon his copyrights in various logos at issue. (Doc. 1 at 30–42).

  On January 17, 2025, Plaintiff filed a Motion for Partial Summary Judgment ("MPSJ") as to Counts I, II, and III of the Complaint. (Doc. 31). After the MPSJ was fully

briefed, on March 28, 2025, Plaintiff filed a Verified First Amended Complaint with Defendants' consent. (Doc. 43). Plaintiff contemporaneously filed a Motion to Treat Plaintiff's MPSJ as Directed to the Amended Complaint. (Doc. 45). That same day, Defendants filed their Motion to Amend/Correct Answer to Complaint (Doc. 42), to which Plaintiff did not consent. (Doc. 42 at 1). After the Motion to Amend the Answer (Doc. 42) was fully briefed, but without this Court's permission, Defendants filed an Amended Answer (Doc. 52) on the docket. Accordingly, on April 18, 2025, Plaintiff moved to strike the Amended Answer pursuant to Federal Rule of Civil Procedure ("Rule") 12(f). (Doc. 56). Defendants did not respond to the Motion to Strike, and on May 5, 2025, Plaintiff filed a Reply in support of its Motion, arguing that this Court should summarily grant the Motion and strike the Amended Answer based on Defendants' failure to respond. (Doc. 57).

## II.     PLAINTIFF'S MOTION TO STRIKE AMENDED ANSWER

Local Rule of Civil Procedure ("LRCiv") 7.2 provides that a party's failure to respond to a motion "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Because Plaintiff's Motion to Strike (Doc. 56) has been pending for nearly a month without a response from Defendant, the Court will consider Defendant's failure to respond as consent to granting of the Motion. *See, e.g.*, *Duffy Archive v. Az Bd. Source*, No. CV-21-02173-PHX-DGC, 2022 U.S. Dist. LEXIS 46755, at *3 (D. Ariz. Mar. 16, 2022) (citing cases).

Accordingly, the Motion to Strike (Doc. 56) will be granted.

## III.     DEFENDANTS' MOTION TO AMEND/CORRECT ANSWER

Notwithstanding Defendants' already docketed (and now stricken) Amended Answer, their Motion seeking this Court's leave to amend their Answer remains pending. Defendants seek to amend their original Answer (Doc. 21) to Plaintiff's initial Complaint (Doc. 1) to "abandon[] the claim that Industry Express Car Wash owns the artwork at issue in this case, but add[] the claim that it has an irrevocable license to use the artwork as argued in the response to the plaintiff's pending motion for summary judgment." (Doc. 42 at 1). Plaintiff contends that this request is an improper "pretext to eliminate Defendants'

admissions that they did not possess a license to use the Marks" and to therefore retract a judicial admission. (Doc. 49 at 2).

Federal Rule of Civil Procedure ("Rule") 15(a) provides that a party may amend its pleadings with "the court's leave . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In making this determination, courts consider the following relevant factors: undue delay, bad faith or dilatory motives, futility of amendment, and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). Here, Defendants' Motion to Amend will be governed by the lenient Rule 15 standard, as the Motion was submitted before the deadline for amending pleadings set forth in this Court's Rule 16 Case Management Order (Doc. 36).

The Ninth Circuit has explained that judicial admissions are "formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact," and that "[f]actual assertions in pleadings and pretrial orders, *unless amended*, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (citation omitted) (emphasis added). "A statement in a complaint, answer or pretrial order is a judicial admission, as is a failure in an answer to deny an allegation." *Id.*

To the extent that Defendants' "admissions that they did not possess a license to use the Marks" (Doc. 49 at 2) are factual admissions, these statements may be retracted if "the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment." *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir. 1995). The Court "must accord the explanation due weight." *Id.* at 860. The presence of a judicial admission in a pleading "does not prevent amendment, especially [] where the admission is withdrawn before discovery has even begun." *Nat'l Steel & Shipbuilding Co. v. Am. Home Assur. Co.*, No. 09CV279 JLS (RBB), 2010 WL 2898265, at *2 (S.D. Cal. July 21, 2010). Defendants assert that amendment is requested "[i]n order to pursue all legal theories of defense and correct the record." (Doc. 42).

Given the liberal construction of Rule 15, and that the discovery deadline in this

case has not passed, Defendants will be permitted to file an Amended Answer.

## IV.   PLAINTIFF'S MOTION TO TREAT MPSJ AS DIRECTED TO AMENDED COMPLAINT

Finally, this Court addresses Plaintiff's request that it treat the MPSJ (Doc. 31) as directed to Plaintiff's First Amended Complaint ("FAC") (Doc. 44). Plaintiff argues that the FAC "is identical to the Original Complaint with respect to the allegations and claims bearing on the Motion's sole issues—copyright ownership and infringement. It contains no new pled fact, allegation, or claim involving ownership or infringement of the marks." (Doc. 45 at 3). Defendants counter that while Plaintiff's FAC may not moot the MPSJ, its own Amended Answer will impact the motion, and that "it makes sense in the interests of a judgment on the merits to require the plaintiff to refile the motion for partial summary judgment on the basis of the amended complaint and the amended answer." (Doc. 53 at 3). Plaintiff alternatively requests that, should this Court grant Defendants' Motion to Amend, he be permitted to file a new reply brief in support of the MPSJ. (Doc. 53 at 6–7).

District courts have broad discretion to manage their docket and ensure judicial economy. *See, e.g.*, *AKHA, LLC v. Pac-Dent, Inc.*, No. 8:24-CV-00078-MRA-DRM, 2024 WL 3458019, at *1 (C.D. Cal. June 26, 2024) (citing cases). The Court agrees with Defendants that, because its Amended Answer may impact the pending MPSJ, the MPSJ should be refiled for purposes of judicial economy and clarifying the record on these issues.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Motion to Strike Defendants' Amended Answer (Doc. 56) is **granted**, and Defendants' Amended Answer (Doc. 52) shall be **stricken**.

(2) Defendants' Motion to Amend/Correct Answer to Complaint (Doc. 42) is **granted**. Defendants shall have until **May 19, 2025** to file their Amended Answer on the docket.

(3) Plaintiff's Motion to Treat Plaintiff's Motion for Partial Summary Judgment as Directed to Amended Complaint (Doc. 45) is **denied**.

(4) Plaintiff's Motion for Partial Summary Judgment (Doc. 31) is **denied without**

**prejudice**. Plaintiff shall have until **May 30, 2025** to refile its Motion for Partial Summary Judgment in light of Defendants' forthcoming Amended Answer.

Dated this 13th day of May, 2025.

Honorable Steven P. Logan
United States District Judge